UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Edward Brillhart,<br><br>    Plaintiff,<br><br>    v.<br><br>Federal Bureau of Investigation,<br><br>    Defendant. | Civil Action No.  11-0893 (JDB) |

MEMORANDUM OPINION

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Federal Bureau of Investigation's response to his request for records it obtained from the internet.  Defendant, having released responsive records, moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which plaintiff opposes.  Having considered the parties' submissions and the entire record, the Court will grant defendant's motion and enter judgment accordingly.

I.  BACKGROUND

The relevant facts are as follows.  On December 7, 2009, defendant received an undated FOIA request from plaintiff for the following records that plaintiff identified by file numbers and as being saved to "Disk UTP1667":

> (1) Copy of Cyber Tip Line report . . . . (2) Copy of Yahoo profile for Kidrockwrif@Yahoo . . . . (3) Copy of UPOC subscriber profile page using kidrockwrif@Yahoo . . . . (4) Copy of postings that email kidrockwrif@ Yahoo . . . posted on August 16, 2003 and August 18, 2003 . . . . (5) Copy of

    all postings by kidrockwrif@Yahoo . . . of fantasy stories to alt.sex.prettens
    . . . . (6) Copy of email content from lovelittleones69@Yahoo . . . .[1]

Compl. Ex. A; *see* Def.'s Statement of Material Facts As to Which There Is No Genuine Dispute [Dkt. # 17] ¶¶ 1-2. Apparently, during the litigation of this action filed on May 13, 2011, defendant conducted a search, located 192 pages of responsive records, and released 138 pages in full and 54 pages in part. Defendant asserted FOIA exemptions 3, 6, 7(C) and 7(E), *see* 5 U.S.C. § 552(b), and Privacy Act exemption (j)(2), *see* 5 U.S.C. § 552a, as the bases for withholding information from the 54 redacted pages. Decl. of David M. Hardy [Dkt. # 20-1] ¶¶ 3-4, 42.

## II. LEGAL STANDARD

  Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may successfully support its motion by "citing to particular parts of materials in the record, including . . . documents, electronically stored information, affidavits or declarations . . . admissions . . . or other materials" that it believes demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 323.

  The FOIA requires federal agencies to release all records responsive to a proper request except those protected from disclosure by any of nine enumerated exemptions set forth at 5

---

[1] Defendant's declarant, David M. Hardy, also discusses the FBI's processing of two of plaintiff's prior FOIA requests that are neither the subject of this action nor material to its outcome.

U.S.C. § 552(b).  The disclosure requirement generally covers only those records that are in the agency's custody and control at the time of the FOIA request.  *McGehee v. Central Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).  A district court is authorized "to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements."  *Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation marks omitted); *accord Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000).  The district court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973).

### III.  DISCUSSION

1. Claimed Exemptions

Plaintiff does not challenge, and thus concedes, defendant's properly documented reasons for redacting information from the 54 released pages under FOIA exemptions 3, 6, 7(C) and 7(E).  *See* Hardy Decl. ¶¶ 43-55 & Ex. T [Dkt. # 17-21] ("*Vaughn* index").  Furthermore, Hardy

confirms that "[t]he FBI [] carefully examined the responsive documents and [] determined that the [withheld] information, if disclosed, could reveal information protected by the statute. . . . Accordingly, all reasonably segregable, non-exempt information has been released to plaintiff . . . ." Hardy Decl. ¶ 56.  Plaintiff does not challenge this contention.  Hence, the Court will grant summary judgment to defendant on the claimed exemptions.

    2. <u>Adequacy of the Search</u>

Plaintiff argues that summary judgment is unwarranted because defendant allegedly failed to provide all responsive records pertaining to the postings of fantasy stories underlying category 5 of his request.  Pl.'s Reply to Def's Mot. for Summ. J. ("Pl.'s Opp'n") [Dkt. # 19] at 2.  This argument constitutes a challenge to the adequacy of defendant's search for records.  *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003) (noting that "an improper withholding may arise from an agency's failure to conduct an adequate search" for requested records).

When a search is challenged, the agency has the burden of "show[ing] beyond material doubt that it [] conducted a search reasonably calculated to uncover all relevant documents." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (citation and internal quotation marks omitted); *see also Weisburg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (same).  The issue, however, "is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisburg*, 745 F.2d at 1485.  Hence, the fact that a particular record was not found does not alone render the search inadequate.  *See Boyd v. Criminal Div. of U.S. Dept. of Justice* 475 F.3d 381, 390-91 (D.C. Cir. 2007).

To demonstrate an adequate search, the agency must set forth the search terms used and describe the search conducted, *see Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), and the structure of the file systems searched, *see Church of Scientology v. Internal Revenue Serv.*, 792 F.2d 146, 150–51 (D.C. Cir. 1986), *aff'd*, 484 U.S. 9 (1987).  In considering whether a search was adequate, a court can rely on agency declarations but only when they are "relatively detailed and nonconclusory and . . . submitted in good faith." *Morley*, 508 F.3d at 1116 (internal quotation marks omitted) (ellipses in original).  "The adequacy of the search . . . is judged by a standard of reasonableness and depends . . . upon the facts of each case." *Weisberg*, 745 F.2d at 1485 (citations omitted).  Ultimately, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

Hardy, who is the FBI's Section Chief of the Record/Information Dissemination Section ("RIDS"), has sufficiently described the Central Records System and the agency's search of that filing system, which yielded responsive records.  *See* Hardy Decl. ¶¶ 25-31 & n.3.  The "Disc UTP1667 referenced in plaintiff's request is a CD-Rom located in [the] Tampa Field Office file 305A-TP-52387."  Hardy Decl. ¶ 33.

To support his claim of an inadequate search for the requested fantasy story postings, plaintiff proffers two unauthenticated pages of unknown origin purportedly to show that defendant released only six of 16 fantasy stories that "Special Agent Kuchta" had identified as having been saved to "disk UTP1667."  Pl.'s Opp'n at 2 & Exhibits A and B.  Neither exhibit, even if ultimately admissible under Rule 56(c), is sufficient to defeat defendant's well-documented motion for summary judgment.  The portion of Exhibit A that plaintiff highlights

does not support his assertion because it reveals only that Kuchta "also searched postings to news groups and identified sixteen fantasy stories by kidrockwrif@ yahoo. . . ." and "read the stories." Exhibit B states that "the undersigned Agent located numerous postings by kidrockwrif . . . of fantasy stories . . . . Those postings were saved to UTP1667[,]" but "numerous" is not reduced to a sum certain and the identification of the "undersigned agent" is not revealed.  In any event, neither exhibit serves to call into question the reasonableness of defendant's search.

As to plaintiff's request for the fantasy story postings saved to Disc UTP1667, Hardy explains that "RIDS identified a total of 138 responsive pages, released 124 pages in full and withheld 14 pages in part."  Hardy Decl. ¶ 37 (citing *Vaughn* index at 55-192).  Since the released records were located in the very file that plaintiff had identified as containing them, the Court finds that plaintiff has failed to create a genuine factual dispute about the adequacy of the FBI's reasonably calculated search for records responsive to his "well defined request[]."[2]

---

[2]  Although plaintiff does not challenge the FBI's search for a copy of the Cyber Tip Line report (# 1) and a copy of email content from lovelitteones69@yahoo . . . (# 6), Hardy's statements about the search for those records provide further support of an adequate search. Hardy states that upon review of Disc UTP1667, "RIDS . . . determined that the FBI [Special Agent] involved in the investigation of plaintiff had received a Cyber Tipline report from a National Center for Missing and Exploited Children ("NCMEC") employee via e-mail."  Hardy Decl. ¶ 33.  But "when RIDS attempted to upload the NCMEC report from the disc . . . to review [] and process it, a computer error occurred, and we were unable to retrieve or view the attachment.  RIDS reviewed the entire Tampa file and was unable to locate any other copy of the report."  *Id*.  In addition, "RIDS contacted the [Special Agent] who had been involved in the criminal investigation . . . and was informed the only copy the [Special Agent] had of the NCMEC report was uploaded onto disc UTP16676 [sic]."  *Id*.  Similarly, when RIDS "located a[n] [apparently empty] 1B10 envelope," RIDS "contacted the [Special Agent] who worked plaintiff's case and was informed . . . that the only copy the [Special Agent] had was the CD which had been placed in the 1B10 envelope."  *Id*. ¶ 38.  *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 328 (D.C. Cir. 1999) ("When all other sources fail to provide leads to the missing record, agency personnel should be contacted if there is a close nexus . . . between the person and the particular record."); *but see id*. (such an inquiry may be "fruitless" and, thus, not
(continued...)

*Iturralde v. Comptroller of Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003) (quoting

*Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).

## CONCLUSION

For the foregoing reasons, the Court concludes from the record that defendant has satisfied its disclosure obligations under the FOIA and is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion

s/
JOHN D. BATES
United States District Judge

Dated: June 19, 2012

---

²(...continued)
required if the source is no longer employed by the agency or, as it appears here, "the storage of [any] [missing records] was controlled by other persons or by internal procedures . . . ").